Constantine Mularadelis, Esq. Village Attorney, Cold Springs
You have asked whether one person may serve simultaneously as a village trustee and as the administrator for the village of a Federal grant program.
You have indicated in your letter that it has been proposed that a current village trustee be paid a salary for serving as the administrator of the grant program. Thus, the trustee would also hold a separate position as grant administrator.
In the absence of a constitutional or statutory prohibition against dual-officeholding, one person may hold two offices simultaneously unless they are incompatible. The leading case on compatibility of office isPeople ex rel. Ryan v Green, 58 N.Y. 295 (1874). In that case the Court held that two offices are incompatible if one is subordinate to the other or if there is an inherent inconsistency between the two offices. The former can be characterized as "you cannot be your own boss", a status normally easy to see. The latter is not easily characterized, for one must analyze the duties of the two offices to ascertain whether there is an inconsistency. An obvious example is the inconsistency of holding both the office of auditor and the office of director of finance.
There are two subsidiary aspects of compatibility. One is that, although the common law rule of the Ryan case is limited to public offices, the principle equally covers an office and a position of employment or two positions of employment. The other is that, although the positions are compatible, a situation may arise where one has a conflict of interest created by the simultaneous holding of the two positions. In such a situation the conflict is avoided by declining to participate in the disposition of the matter. If such situations are inevitable as opposed to being possibilities, there in an inherent inconsistency in the positions.
Your question involves the compatibility of an office (village trustee) and a position of employment in the village. The village board of trustees is both the administrative and legislative arm of village government. Employees of the village are under the supervision and direction of the board. The board of trustees is responsible for determining compensation of employees and for evaluating job performance. Thus, it appears that one position would be subordinate to the other, establishing incompatibility under the standards stated above (see 1981 Op Atty Gen [Inf] 181).
We have concluded, however, that a local legislative body, in determining public policy on behalf of the local government, may, by local law, supersede the common law doctrine of compatibility of office (1983 Op Atty Gen [Inf] 155). For example, in a small municipality there may not be enough residents willing to serve in local government or there may be few persons possessing the required expertise. In situations such as these, the local governing body, in furthering the public interest, may find it necessary to establish exceptions to the common law rule of compatibility of office.
We conclude that as a general rule a person may not serve simultaneously as a member of the village board of trustees and as the village grant administrator of a Federal program. Under certain circumstances, however, in furthering the best interests of the village, the village board of trustees by local law may establish exceptions to the common law rule of compatibility of office.